# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 01-3571

_____

| | | |
|---|---|---|
| Wilma McGrane, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | |
| | * | |
| Saks, Incorporated, doing business | * | Appeal from the United States |
| as Younkers, formerly known as | * | District Court for the Northern |
| Proffitts, Inc., | * | District of Iowa. |
| | * | |
| Appellant, | * | [UNPUBLISHED] |
| | * | |
| Leslie Volz, | * | |
| | * | |
| Defendant. | * | |

_____

Submitted: May 13, 2002

Filed: June 10, 2002

_____

Before BOWMAN and BYE, Circuit Judges, and NANGLE,[1] District Judge.

_____

PER CURIAM.

_____

[1]The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri, sitting by designation.

Wilma McGrane brought this action against her former employer, Younkers, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34, and the Iowa Civil Rights Act, Chapter 216 of the Iowa Code. Following a week-long trial, a jury returned a verdict in favor of McGrane on the gender discrimination claim, but found in favor of Younkers on the age discrimination claim. After trial, the district court[2] denied Younkers' motions for judgment as a matter of law (JAML) and new trial on the gender discrimination claim. It did, however, grant Younkers' motion for remittitur, finding the damages award excessive. Younkers appeals from the denial of its motions for JAML and new trial.

Younkers contends the district court erred by denying its motion for JAML because there was insufficient evidence McGrane was terminated because of her gender. We review de novo the district court's denial of a motion for JAML. Riley v. Olk-Long, 282 F.3d 592, 595 (8th Cir. 2002) (citation omitted). Having carefully reviewed the evidence in the light most favorable to the jury's verdict, and drawing all reasonable inferences in its favor, we cannot say that no reasonable juror could have returned the verdict that it did in this case. Because a detailed opinion on this claim would serve no useful purpose, we affirm on the basis of the district court's thorough and well-reasoned opinion. See 8th Cir. R. 47B.

Younkers also contends the district court abused its discretion by denying its motion for new trial based on the district court's refusal to submit a "stray remarks" instruction to the jury. Younkers requested the instruction because of certain comments made by McGrane's supervisor, Leslie Volz. Having reviewed this claim for abuse of discretion, Phillips v. Collings, 256 F.3d 843, 851 (8th Cir. 2001), we find none. Volz was a decisionmaker and the statements she made about McGrane

_____

[2]The Honorable Michael J. Melloy, then United States District Judge for the Northern District of Iowa, now United States Circuit Judge for the Eighth Circuit.

were contemporaneous with McGrane's termination.  See Williams v. Lindenwood Univ., 288 F.3d 349, 357 (8th Cir. 2002) (explaining that statements did not constitute stray remarks because they were made by decisionmakers during the decision-making process).  Consequently, because Volz's comments were not "stray remarks," the district court did not abuse its discretion in refusing to submit such an instruction.

The judgment of the district court is affirmed in its entirety.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT